## 30755. CURTIS v. THE STATE.

HALL, Justice.

The primary issue in this appeal from Curtis' conviction of rape and sentence of eight years is presented by his claim that the rape victim's admission on cross examination that "once" during the attack she moved in such a way as to assist the intercourse in some unexplained fashion, conclusively shows that she consented, and rape was as a matter of law not proved. We reject this contention and disapprove the archaic language in prior decisions on which this contention is seemingly based.

1. The evidence before the jury was ample to identify Curtis as the man who intruded into the victim's home and bedroom in the middle of the night, beat her about the face and body, threatened to kill her and her grandson sleeping in the same room if she screamed, had intercourse with her twice, and passed out on the floor. The victim testified that she submitted out of fear for her life and her grandson's, because of Curtis' strength and threats; that she consented to nothing; and that if she could have gotten to a weapon she would have tried to kill him.

The rape statute reads in pertinent part as follows: "A person commits rape when he has carnal knowledge of a female, forcibly and against her will." True consent to the act, of course, negates the element of force; but it is both entirely logical and legally certain that apparent "consent" induced by fear is not the free consent required to prevent the act's constituting a crime, but is the mere product of force within the meaning of the statute. E.g., *Epps v. State,* 216 Ga. 606, 614 (118 SE2d 574) (1961). Intimidation may substitute for force. Whether the victim consented is a fact question.

Curtis cites in his behalf certain old cases, for example, *Mathews v. State,* 101 Ga. 547 (29 SE 424) (1897), reading in part as follows: "In order that the offense might constitute rape, she must have resisted with all her power and kept up that resistance as long as she had strength. Opposition to the sexual act by mere words is not sufficient. Any consent of the woman, however

reluctant, is fatal to a conviction for rape. The passive policy will not do. There must be the utmost reluctance and resistance." 101 Ga. p. 552. To the same effect is *Lancaster v. State,* 168 Ga. 470, 477 (148 SE 139) (1929), which approved the following instruction: " 'Rape is not complete if the element of force is lacking, although the sexual act may have been done against the will of the female. It must not only be against her will, but force must be used to overcome her resistance and her will. If she consents to the sexual act at any time, the crime of rape can not be found against the defendant. There can be no rape if there was any kind of consent.' "

We expressly disapprove and will not in the future apply this and similar language used in these and other cases, because such language is on its face plainly inconsistent with the principle that lack of resistance, induced by fear, is not legally cognizable consent but is force. Moreover, such language, literally applied, would strip a rape victim of the right to ask the law to redress her wrongs, if, in meeting the criminal threat posed, she had decided that it would be unwise or dangerous to have "resisted . . . [this attacker] with all her power and [keep] . . . up that resistance as long as she had strength." *Mathews,* supra, 101 Ga. p. 552. Additionally, portions of the language disapproved seemingly overlook the fact that the crime of rape is completed at the moment of penetration.

The superior courts of this state should not in the future give in rape trials the instructions we hereby disapprove. The issue to be decided is whether the prosecutrix freely consented, or whether her lack of resistance sprang from reasonable apprehension of great bodily harm, violence, or other dangerous consequences to herself or another. *Hamilton v. State,* 169 Ga. 826, 829 (151 SE 805) (1930); see A. L. I., Model Penal Code § 213.1 (1962); Perkins, Criminal Law, pp. 120-122 (1957).

The jury in the instant case were amply justified in finding that no consent to the act was given. The evidence supported the verdict and the enumeration on the general grounds is totally without merit.

2. The trial court did not err in refusing to allow Curtis' attorney to ask the prosecutrix whether she

experienced orgasm during these acts of intercourse; the answer would have been legally irrelevant to the issue of consent.

3. The remaining enumeration is similarly without merit.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED FEBRUARY 9, 1976 — DECIDED FEBRUARY 24, 1976.

*Charles C. Osbun, Robert J. Duffy,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.

