## 61041. CARROLL v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged by accusation with two misdemeanors in that on July 28, 1979, he did wilfully fail to obey a lawful order of a law

enforcement officer in violation of Code Ann. § 68A-104 (Ga. L. 1974, pp. 633, 643) (a refusal to comply with a lawful order as to the regulation of traffic) and violation of Code Ann. § 68A-507 (b) (Ga. L. 1974, pp. 633, 662), standing on a highway for the purpose of soliciting employment, business or contributions from the occupant of any vehicle. Defendant was convicted of violation of Code Ann. § 68A-104, supra, and acquitted on the charge raised under Code Ann. § 68A-507 (b), supra. Defendant appeals. *Held:*

1. One element of the violation of Code Ann. § 68A-104, supra, is that the conduct of the offender in failing or refusing to comply with any lawful order or direction of any police officer invested by law with authority to direct, control, or regulate traffic was done wilfully. The defendant enumerates as error the refusal of the trial court to give in charge to the jury defendant's requested charge defining "wilfully." The trial court, however, is not required to define terms in common usage. "Wilfully" is certainly a term in common usage and it was in the discretion of the trial court to refuse to define this term. *Anderson v. State,* 226 Ga. 35, 36 (2) (172 SE2d 424).

*Lancaster v. State,* 83 Ga. App. 746 (4) (64 SE2d 902), relied upon by defendant, does not deal with the definition of wilfully but instead deals with the definition of "wilful or wanton" as related to reckless driving, a term of art incorporated from tort law into the criminal statutes involved in that case. *Lancaster v. State,* 83 Ga. App. 746 (4), supra, is by no means relevant or controlling in the case sub judice.

2. Defendant called as a witness the sheriff of Richmond County for the purpose of introducing into evidence a settlement agreement and testimony regarding that settlement agreement arising from litigation in a class action suit by Richmond County wrecker companies against the sheriff's department. This settlement agreement which terminated that litigation was relevant in that it established a formal procedure to be followed by the sheriff's department and the wrecker companies in relation to the allocation of the towing business arising from motor vehicles damaged in incidents investigated by the sheriff's department. Defendant's contentions are in large part predicated upon his reliance on the settlement agreement.

When the sheriff was asked on cross examination by the state why the settlement agreement was entered into, the sheriff answered the question and then gave further testimony to the effect that the wrecker companies did not perform with the agreement and that as he was responsible for law enforcement in Richmond county his office started back making cases against the wrecker companies. Defendant's attorney objected to this testimony and requested the

trial court to instruct the jury to disregard the sheriff's testimony regarding the wrecker companies' noncompliance with the agreement. The trial court declined to issue any such instructions to the jury.

Afterwards, on redirect examination, the defendant's attorney elicited testimony from the sheriff that the wrecker companies did not live up to their end of the bargain and as he was responsible for law and order in the county he was "expected to take care of it." Therefore, even if the admission of the testimony to which defendant objected was error, it was not harmful since substantially the same testimony was admitted without objection. *Pitts v. State,* 226 Ga. 878 (2) (178 SE2d 177); *Peek v. State,* 111 Ga. App. 273 (1) (141 SE2d 602).

3. Defendant was arrested while trying to remove the damaged vehicle of a motorist from an intersection. The vehicle had been involved in a collision which the sheriff's department was investigating. The defendant contends that the trial court erred in failing to provide to defendant certain allegedly exculpatory material which defendant contends was disclosed to the trial court in its in camera inspection conducted pursuant to a Brady motion (Brady v. Maryland 373 U. S. 83 (83 SC 1194, 10 LE2d 215)).

The allegedly exculpatory statement was attached to the warrant and accusation against defendant filed in the office of the clerk of the trial court the day prior to the filing of defendant's Brady motion. The statement was a matter of public record and available to defendant as such for some two weeks prior to trial. The confusion in regard to the availability of this statement apparently arises from the fact that defendant's present attorney was not defendant's trial counsel.

Furthermore, the statement upon which defendant relies shows no more than that defendant had some reasonable basis upon which to believe that the motorist whose vehicle was disabled desired defendant to tow her car. However, defendant's arrest and conviction arises from his failure to obey the sheriff's deputy and remove himself from the intersection while the deputy completed his investigation of the collision. Even assuming, as defendant suggests, that the motorist desired defendant rather than another wrecker driver to tow her vehicle from the scene of the collision, the defendant in attempting to do so contrary to the direction of the deputy sheriff who was attempting to preserve the scene for investigation wilfully refused to comply with a lawful order of a police officer invested by law with authority to direct, control, or regulate traffic. The defendant's attempt to comply with the motorist's wishes provides no defense to the failure to obey the lawful directions of the deputy sheriff. The

allegedly exculpatory statement is irrelevant to the issues before the trial court and of no value to the defense of the charges for which defendant was tried. The statement being of no exculpatory value, the trial court did not err in failing to make it available for use by defendant at trial. The trial court did not comply with defendant's request that the prosecutor's file examined in camera be copied and the material sealed for possible inspection by this court.

We note that these circumstances occurred prior to our decision in *Plemons v. State,* 155 Ga. App. 447, 452 (9) (A) (270 SE2d 836). Defendant therefore advocates retrospective application of that decision, an issue we do not reach. Defendant has the burden of showing how his case has been materially prejudiced by the denial of beneficial evidence. *Pryor v. State,* 238 Ga. 698, 706 (5) (c) (234 SE2d 918). The evidence, the denial of which defendant complains, was both available to defendant and non-exculpatory. There has been no showing of cause by defendant, thus no reason for this court to call for the examined material. See in this regard *Wilson v. State,* 246 Ga. 62, 65 (268 SE2d 895).

*Judgment affirmed. Banke and Pope, JJ., concur.*