73493. GARNER v. THE STATE.
(355 SE2d 451)

POPE, Judge.

Appellant Alan Wayne Garner appeals his conviction of the offense of rape.

1. Appellant enumerates as error the trial court's failure to give his two requested charges (nos. 7 and 8) on the issue of victim's consent. We find no error.

In *Curtis v. State*, 236 Ga. 362 (1) (223 SE2d 721) (1976), the

Supreme Court of this state expressly disapproved a charge containing language identical to that found in appellant's request to charge no. 7 and instructed that "[t]he superior courts of this state should not in the future give in rape trials the instructions we hereby disapprove." Id. at 363. Accordingly, we find no error in the trial court's refusal to give appellant's request to charge no. 7.

Likewise, it was not error for the trial court to refuse to give appellant's request to charge no. 8. The record discloses that the trial court's instruction to the jury on consent was taken from the Council of Superior Court Judges Vol. 2, Criminal Law, Suggested Pattern Jury Instructions, and that it is a correct statement of the law in this state on the issue of an alleged rape victim's consent. See, e.g., *Curtis*, supra; *Mathis v. State*, 224 Ga. 816 (165 SE2d 140) (1968). It is well established that a requested charge need not be given unless it embraces a correct and complete principle of law which has not otherwise been included in the trial court's instruction to the jury. Because the charge given is fair and complete, and substantially covers the applicable principles, we find no error in failing to give appellant's request to charge no. 8. *Garmon v. State*, 167 Ga. App. 781 (4) (307 SE2d 298) (1983).

2. Appellant also enumerates as error the trial court's failure to instruct the jury on the definition of force. The record shows that although appellant, at the end of the trial court's charge, made an oral request that the court define the term "force," he submitted no written request for such a charge. "In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal." (Citations omitted). *Meeks v. State*, 178 Ga. App. 9, 10 (341 SE2d 880) (1986); see *Gaddis v. State*, 176 Ga. App. 526 (336 SE2d 587) (1985). In any event, it is not error for the trial court to fail to define terms in common usage, even upon request. See, e.g., *Carroll v. State*, 157 Ga. App. 113 (1) (276 SE2d 267) (1981). Consequently, we find no merit to this enumeration.

3. Appellant's fourth enumeration has been decided adversely to him in *Overton v. State*, 230 Ga. 830 (3) (199 SE2d 205) (1973).

4. In his sixth enumeration of error appellant contends that the trial court erred in admitting his in-custody statement over objection of counsel. However, because appellant has failed to support this enumeration by either argument or citation of authority, we deem it abandoned pursuant to Rule 15 (c) of this court. *Kuptz v. State*, 179 Ga. App. 150 (12) (345 SE2d 670) (1986); *Williams v. State*, 178 Ga. App. 80 (3) (342 SE2d 18) (1986).

5. Appellant also enumerates as error the admission over objection of certain testimony of Dr. William R. Meyer, who examined the victim at Grady Memorial Hospital following the rape. The record shows that the State asked the following question after it had elicited

testimony from Dr. Meyer that he found no evidence of trauma to the vaginal area of the victim during his examination: "Have you ever had occasion to examine other individuals who have alleged rape where they did not have trauma to the vaginal area?" The trial court overruled appellant's objection to the question, and Dr. Meyer answered in the affirmative. Appellant contends that this testimony was irrelevant, immaterial and highly prejudicial. We disagree.

" ' "Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." (Cits.) . . . (T)he trial court has wide discretion in determining relevancy and materiality. . . .' " *Pittman v. State*, 178 Ga. App. 693 (2) (344 SE2d 511) (1986); *Turner v. State*, 178 Ga. App. 888 (1) (345 SE2d 99) (1986). "In Georgia, it is the general rule that evidence of doubtful relevancy or competency should be admitted and its weight left to the jury. Questions of . . . relevancy . . . are for the court . . . (and) when facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." (Citations omitted.) *Thomas v. State*, 173 Ga. App. 810, 811 (328 SE2d 422) (1985); e.g., *Worthy v. State*, 180 Ga. App. 506 (2) (349 SE2d 529) (1986); *Chance v. State*, 172 Ga. App. 299 (5) (322 SE2d 741) (1984). We find no abuse of discretion.

6. Appellant also asserts the general grounds. We have reviewed the evidence and find it sufficient to enable any rational trier of fact to find appellant guilty of the offense of rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Price v. State*, 179 Ga. App. 691 (2) (347 SE2d 365) (1986).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 6, 1987 —
REHEARING DENIED MARCH 19, 1987 —

*William V. Hall, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, Barbara Conroy, Assistant District Attorneys*, for appellee.