S91G0216. CLARK v. THE STATE.
(404 SE2d 787)

FLETCHER, Justice.

Clark was convicted of rape and his conviction was upheld by the Court of Appeals in *Clark v. State,* 197 Ga. App. 318 (398 SE2d 377) (1990). We granted Clark a writ of certiorari to consider the question of whether he was entitled to a jury charge based upon language found in *Curtis v. State,* 236 Ga. 362 (223 SE2d 721) (1976).

At trial, Clark's defense centered around his contention that the alleged victim consented to the intercourse. The victim testified that she did not consent and resisted no more than she did out of fear for her own safety. Clark requested that the jury be charged, in part, as follows:

[t]he issue is whether her lack of resistance sprang from reasonable apprehension of great bodily harm, violence, or other dangerous consequences.

Clark contends that, because the charge actually given by the trial court contains no reference to the reasonableness of the victim's apprehension, it erroneously shifts, to the defendant, the burden of proving that the alleged victim consented. We disagree.

In *Curtis*, supra, this court expressly disapproved the practice in rape cases of instructing a jury that lack of resistance on the part of an alleged rape victim indicates that the victim passively consented. We held that "the issue to be decided [in a rape trial] is whether the prosecutrix freely consented." *Curtis*, 236 Ga. at 363. That the alleged victim did not outwardly or physically resist does not mean that she freely consented. Her lack of resistance may have sprung from apprehension, on her part, of bodily harm, violence, or other dangerous consequences to herself or to another. If the state establishes, beyond a reasonable doubt, that the alleged victim's lack of resistance resulted from such apprehension, that lack of resistance will not constitute freely given consent.

The language Clark wanted to use from *Curtis* appears to require a determination of whether the victim's apprehension was reasonable. The language used by the Court of Appeals in Division 3 of its opinion in *Clark*, 197 Ga. App. 318, appears to require a determination of whether the victim's testimony as to her lack of consent is reasonable. Both avenues approach the issue from a different direction but the issue remains the same: did the alleged victim freely consent to the criminal act alleged? The question is not whether the victim's testimony as to her lack of consent is reasonable; nor is it whether the victim's apprehension was reasonable. The question is whether the state has proved, beyond a reasonable doubt, that the acts of the accused were not freely consented to by the alleged victim. This is a question of fact for the jury to decide.

The instructions given to the jury by the trial court concerning the elements of the crime and the burden of proof involved were correct statements of the law[1] and there was no error in not having given the particular charge at issue here.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 1991.

*Corinne M. Mull*, for appellant.

*Robert E. Wison, District Attorney, Nelly F. Withers, Desiree*

---

[1] The instructions given as to the elements and defenses of the crime were virtually identical to the pattern charges found at 2 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, pp. 149-150 (2d ed. 1984).

*Sutton Peagler, Assistant District Attorneys,* for appellee.