A91A1877. HAYES v. THE STATE.
(416 SE2d 347)

SOGNIER, Chief Judge.

Bobby Gene Hayes was convicted of distributing cocaine and using a communications facility in the commission of a felony (OCGA § 16-13-32.3), and he appeals.

Construed to support the jury's verdict, the evidence adduced at trial showed that Captain James Thomas Wheeler, head of the Special Investigations Division of the Douglas County Sheriff's Department, was working with a confidential informant, who made arrangements with appellant over the telephone to purchase one-and-one-half ounces of cocaine. Appellant arranged to meet the informant 30 minutes later in a restaurant parking lot. At the appointed time Wheeler, who was wearing a body microphone, and the informant drove to the designated parking lot in the informant's car. Present in the area, in two other vehicles, were Sheriff Lee and two other officers, who were receiving the transmissions from Wheeler's transmitter. Appellant arrived shortly in a pickup truck driven and owned by Russell Rhodes.

Appellant left the truck and approached the informant's car. After the informant introduced Wheeler as a friend and appellant's cus-

tomer, appellant said "I don't have but one; I had to make a stop on the way here." Appellant then handed Wheeler a plastic bag containing white powder later identified as cocaine, and its weight was discussed, with appellant insisting, after Wheeler expressed doubt, that it contained a full ounce. Wheeler gave appellant the cash he had brought and gave a signal to the listening officers to come forward. As the officers approached to arrest Rhodes and appellant, appellant threw the money into the informant's car and attempted to flee. He was stopped and both he and Rhodes were arrested.[1]

Appellant testified at trial that he had come to the parking lot after the telephone conversation with the informant, whom he admitted he knew, to buy tires he suspected were stolen, but stated that he knew nothing about cocaine.

1. We find the evidence adduced at trial sufficient to have authorized the jury to convict appellant of the crimes with which he was charged under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Cassie v. State*, 192 Ga. App. 484-485 (385 SE2d 129) (1989) (using communications facility in commission of felony); *Jones v. State*, 188 Ga. App. 398 (373 SE2d 86) (1988) (distributing cocaine).

2. The record does not support appellant's contention that the trial court violated his constitutional rights by refusing his request to proceed pro se. A defendant has such a right provided the waiver of counsel is made knowingly and voluntarily, see *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), and it is impermissible to force counsel upon an accused. Id. at 832-834; see *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981). However, to constitute reversible error, the trial court's denial of an accused's request for self-representation must come after the defendant has made an "unequivocal assertion of the right to represent [him]self." *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). In this case, although appellant announced after the jury was empaneled that he had "dismissed" his attorney and had no confidence in him, he also admitted that "I'm not qualified to defend myself, Your Honor. . . . I do want an attorney, but I'd like to have one that I have confidence in." It is thus evident appellant requested *different* counsel rather than unequivocally asserting his desire to represent himself. See *Lynott v. State*, 198 Ga. App. 688, 689 (2) (402 SE2d 747) (1991).

3. Appellant maintains, citing *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972), that it was reversible error for the trial court to refuse to compel the prosecution to reveal any

---

[1] Rhodes was convicted of selling cocaine, and his conviction was affirmed on appeal. *Rhodes v. State*, 200 Ga. App. 193 (407 SE2d 442) (1991).

"deal" it had with the confidential informant. We do not agree. *Giglio* applies only to a deal made with a prosecution *witness* where the credibility of that witness is in issue. Id. at 154-155. In the case sub judice, the confidential informant was not called by the State as a witness. Moreover, appellant was permitted to cross-examine Wheeler regarding the "problems" the informant had with violating his probation and any "deal" the police may have had with the informant. Accordingly, we find no error.

4. Appellant asserts error in the trial court's ruling allowing appellant's custodial statements to be introduced into evidence. At appellant's request, the trial court conducted a hearing outside the presence of the jury pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine the voluntariness of the statements. Appellant denied making the statements and testified that he was not advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and had told Sheriff Lee that he wanted an attorney when Lee was transporting him to the jail. Wheeler testified that appellant made the custodial statements after the sheriff advised him of his *Miranda* rights; that appellant had not asked for counsel or invoked his right to remain silent; and that appellant was neither threatened nor promised anything. We note as well that Lee testified later in appellant's trial that he had transported appellant's co-defendant, Rhodes, and not appellant, to the jail.[2]

The trial court found that appellant made the statements, that he was properly warned of his constitutional rights, and that the statements were freely, voluntarily, and knowingly made. "The findings of a trial court as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous. [Cit.]" *Robinson v. State*, 194 Ga. App. 432, 433 (2) (390 SE2d 652) (1990). The evidence bearing on the issue was in total conflict, and it is apparent that the trial court simply believed the State's witnesses rather than appellant. We cannot say this was clearly erroneous. See id.

5. Appellant finally contends the trial judge's charge on intent was unconstitutionally burden-shifting, in that he instructed the jury that it could infer intent "from proven circumstances or by acts and conduct" of appellant but did not define the term "infer," and left the decision whether to make any inference in the discretion of the jury. We find no error. It is not error for a trial court to fail to define terms in common usage. *Garner v. State*, 182 Ga. App. 251, 252 (2)

---

[2] Although this testimony was given later in the trial, and not at the *Jackson-Denno* hearing, this court may look to all the evidence contained in the record when determining the voluntariness of a statement. *Stapleton v. State*, 235 Ga. 513, 516 (1) (220 SE2d 269) (1975).

(355 SE2d 451) (1987). Moreover, substantially similar charges, lacking definitions of "infer" or "inference," instructing the jury that any such inferences were in their discretion, were approved by the Supreme Court in *Parker v. State*, 256 Ga. 363, 365 (1) (349 SE2d 379) (1986) and *Dill v. State*, 254 Ga. 17-18 (1) (325 SE2d 765) (1985).

    *Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 19, 1992 —
RECONSIDERATION DENIED MARCH 3, 1992 — ▆▆▆▆▆▆▆▆▆▆▆

    *Alden W. Snead*, for appellant.
    *David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.