A93A0721. BYRD v. THE STATE.
(431 SE2d 134)

JOHNSON, Judge.

A jury found Jerry Lewis Byrd guilty of possession of cocaine, possession of cocaine with intent to distribute, theft by receiving stolen property, and possession of a firearm by a convicted felon. He appeals from his conviction.

1. In his first enumeration of error Byrd asserts that the trial court erred in allowing investigating officers to testify regarding statements made by Byrd following his arrest, arguing that the statements were not voluntary. He urges us to apply the "totality of the circum-

stances" test as articulated in *Riley v. State*, 237 Ga. 124 (226 SE2d 922) (1976). The nine specific factors set forth in *Riley*, however, apply to statements given by juveniles outside the presence of their parents and are not applicable to this case. See *Smith v. State*, 195 Ga. App. 486, 488 (4) (393 SE2d 743) (1990). Prior to trial, a *Jackson-Denno* hearing was conducted to determine the voluntariness of Byrd's statements.[1] At that hearing it was established that Byrd was thirty-five years old at the time of the arrest, had completed two years of college, and had been employed both as a police officer and a state corrections officer. Prior to questioning, he signed a rights waiver form which delineated the charges against him. The form also contained his *Miranda*[2] rights, and these rights were read aloud to him by the officer. A tape recorder was turned off at Byrd's request and the officers testified that Byrd was alert and oriented throughout the interview, which lasted for approximately one hour. The officers further testified that they had to "stop him from talking" and that on his own initiative, he repeatedly offered to give information about other crimes, including two murders, in exchange for a deal. These offers were refused. Immediately following the interview, Byrd was allowed to telephone his wife. Byrd did not testify, and none of these facts was controverted at trial.

In his appeal, Byrd argues that the trial court should have inferred that his confession was coerced by the promise of a deal. After reviewing the evidence in this case we do not find that to be a logical inference. No evidence was presented which suggests that Byrd's offers to make a deal with the investigating officers were anything other than spontaneous, and these offers were repeatedly rejected. The trial court's determination based on the totality of the circumstances that the statements at issue were voluntary will not be disturbed on appeal unless clearly erroneous. *Kincey v. State*, 191 Ga. App. 300, 301 (381 SE2d 439) (1989); *Hayes v. State*, 203 Ga. App. 143, 145 (4) (416 SE2d 347) (1992). We do not find the trial court erred in allowing the testimony.

2. In his second through fifth enumerations of error, Byrd contends that there was insufficient evidence to convict him of the charges. Construing the evidence to support the jury's verdict, the evidence adduced at trial showed that officers of the Covington Police Department executed a search warrant at Byrd's residence. Byrd was not present during the search, which yielded cocaine in the master bedroom and two handguns in the closet of the bedroom. It was later determined that one of the guns had been stolen. Certified copies of

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Byrd's 1984 conviction of the felony of sale of cocaine and 1990 felony conviction for possession of cocaine were admitted into evidence without objection. During the search, three different people came to the apartment to buy cocaine. Byrd was arrested as he was driving back to the apartment. When stopped, Byrd was carrying over $5,000 in cash. A bag of gold jewelry was found in the back seat of the car and numerous one-inch square plastic ziplock bags, commonly used in packaging cocaine for sale, were in the console between the front seats. Jimmy Vinson, a passenger in the car, testified that he observed Byrd selling drugs that evening and that Byrd passed cocaine to him when he saw the police car following them. He put the cocaine in his shoe, where it was discovered by police. He testified that the drugs belonged to Byrd and that he agreed to hold them in return for Byrd's promise to "take care of him." This testimony was corroborated by Byrd's own statement to police that he was not a big coke pusher, but had been forced into the drug business because he needed to supplement his income. We find that this evidence was sufficient to sustain the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993.

*Johnson & Miller Gamble, Horace J. Johnson, Jr.*, for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney*, for appellee.