## A96A0652. SMITH v. THE STATE.
### (471 SE2d 227)

Judge Harold R. Banke.

Mark Anthony Smith was convicted of three counts of selling crack cocaine (OCGA § 16-13-30) and sentenced to three consecutive life sentences.[1] On appeal, Smith enumerates four errors and for the following reasons, we affirm in part and reverse in part.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Smith no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows.

---

[1] The jury acquitted Smith of Count 2 in which the State alleged that Smith was a party to a sale of cocaine.

On December 16, 1993, Georgia Bureau of Investigation Agent Deborah Cox Garner and her partner went to JJ's Detail Shop with their confidential informant to purchase crack cocaine. Mark Anthony Smith, a/k/a JJ, did not sell directly to the agents and used the confidential informant as an intermediary to transact the deal with the agents. Garner testified that she observed Smith give the confidential informant an object which later was confirmed to be crack cocaine. Afterwards, Garner also observed Smith receive a $100 cash payment from the confidential informant. Garner acknowledged that the agents had not searched the informant prior to the drug deal, that they lost sight of him when he went inside the detail shop and that the agents' location inside their vehicle was beyond earshot and about 20 feet away.

Garner provided the details of Counts 3 and 4, two other drug transactions, both at JJ's Detail Shop, one occurring on January 12, 1994, where Garner directly purchased $100 worth of crack cocaine from Smith, and another on January 22, 1994, where Garner witnessed her partner purchase $100 worth of crack cocaine from Smith. Garner observed Smith use a razor blade to cut off a $100 size portion of cocaine from a substantially larger piece. On the latter occasion, the confidential informant was not present.

After his arrest, Smith indicated to Special Agent Gregory A. Ramey that he wanted to cooperate by naming his suppliers. Ramey contacted the agent who was investigating a related federal case and was not present during the subsequent interrogation. Shortly after the conclusion of his state trial, Smith testified as a government witness in the federal trial.

During Smith's motion for new trial hearing, the court admitted a certified copy of the federal transcript of Smith's testimony. The record shows that during the federal trial, Smith testified that he had committed perjury during the proceedings of the instant state trial from which he now appeals his convictions. *Held*:

1. The trial court did not err in denying Smith's motion for new trial as to Counts 3 and 4, but we reverse the denial as to Count 1. In his pretrial motion, Smith moved for the State to reveal both the identity of the confidential informant and "any promises, understandings, explicit or implicit, or other inducements or threats." Although the State provided the identity of the confidential informant, Billy Smith, Smith's stepbrother, the State failed to disclose all the requested information, by claiming on the record that no deals were made with the informant and that he was strictly a paid informer receiving $25 on a per case basis. Under cross-examination, when Smith's counsel tried to explore the possibility of a deal with the State, Ramey testified, "He [the confidential informant] didn't have any charges pending or anything."

Ramey's trial testimony was flatly contradicted by Dale Blalock, chief probation officer, who testified at the motion for new trial hearing that at the specific request of Ramey, he held and did not serve an outstanding warrant on Billy Smith. Blalock explained that Ramey and he had an agreement that as part of Billy Smith's undercover work, Blalock would continue to hold the warrant while Ramey gave him periodic reports as to whether Billy Smith was properly performing the expected undercover work. In its appellate brief, the State inexplicably ignores the serious contradictions of its witnesses.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963). This Court has previously determined that " '[d]isclosure could be material to the defense where the informant is a witness or a participant, or entrapped a defendant into committing a crime he would not otherwise have committed.' [Cit.]" *Roden v. State*, 181 Ga. App. 287, 290 (351 SE2d 713) (1986).

Although the informant had no involvement in Count 4 and his participation in Count 3 did not rise to the level of a participant, in Count 1, the informant was responsible for introducing the parties, acted as an intermediary, and had a crucial role in the drug transaction. Compare *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972) (reversible error for trial court to refuse to compel revelation by State of deal made with prosecution witness whose credibility was at issue); and *Hayes v. State*, 203 Ga. App. 143, 145 (3) (416 SE2d 347) (1992) (defense counsel permitted to cross-examine witness regarding problems informant had with violating his probation and any deal with police). Here, unlike *Hayes*, 203 Ga. App. at 145, Smith was not permitted to effectively cross-examine Ramey about the informant's probation or any deal with the informant because Ramey deliberately misled the jury into believing the informant had no charges pending and testified the informant was "working for the money." By failing to disclose fully the State's relationship with the informant and by offering Ramey's untruthful testimony, the State offended the due process principles of *Brady*. By failing to address these serious matters in its appellate brief, the State further undermined its position. Accordingly, we reverse.

2. The trial court correctly allowed the agent to testify about Smith's confession. The trial court conducted a hearing outside the presence of the jury pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), during which Ramey testified that without receiving any coercion or inducements, Smith admitted to selling cocaine. Smith then contradicted Ramey's testimony and claimed that Ramey told him if he cooperated they would help him

with the drug charges. Having reviewed the hearing transcript, we are unable to find clearly erroneous the trial court's determination that Smith knowingly and voluntarily waived his rights. *Cox v. State*, 248 Ga. 713 (1) (285 SE2d 687) (1982).

3. Having considered the evidence in the light most favorable to the verdict, we find that it was sufficient to sustain Smith's convictions as to Counts 3 and 4 within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. We find no error in the trial court's sentencing of Smith to consecutive life sentences. Less than two years before this trial, Smith had been convicted of two counts of possession of cocaine and two counts of sale of cocaine. Accordingly, the trial court was authorized to impose a separate life sentence for the conviction on each separate count. See *McCoy v. State*, 210 Ga. App. 672, 673 (437 SE2d 366) (1993).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 5, 1996 —
RECONSIDERATION DENIED MAY 7, 1996 — 

*Ronald G. Shedd*, for appellant.
Mark A. Smith, *pro se*.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.