28998. DARDEN et al v. RAVAN et al.

NICHOLS, Presiding Justice.

On May 6, 1974, the Judges of the Superior Court of the Cobb Judicial Circuit entered an order on the minutes of that court and and directed that copies of such order be furnished the clerks of other courts in Cobb County to be spread upon their minutes, and that copies be furnished to other named judges and public officers in Cobb County. Within 30 days the District Attorney of the Cobb Judicial Circuit and others filed an appeal to this court. Copies of such notice of appeal were served upon

the named judges of the Superior Courts of the Cobb Judicial Circuit. The order entered on May 6, 1974 reads as follows:

"In order to make effective the reorganization of the Courts of this Circuit and to make operable the computerization of the records and procedures of such Courts, the Judges of the Superior Court, Cobb Judicial Circuit, acting under and by virtue of Georgia Annotated Code Section 24-2615 (4) 1933, wherein the Superior Courts generally are granted authority to exercise a general supervision over all inferior tribunals within their judicial circuit, shall exercise the authority hereinafter stated over the State Court of Cobb County, Juvenile Court of Cobb County, the several Justices of the of the Peace Courts, Notary Public Ex-Officio Justices of the Peace Courts, Cobb Court of Ordinary, District Attorney, Solicitor, and all Magistrates acting under the supervision of any lower tribunal of the Cobb Judicial Circuit.

"The extent of the supervision shall be over the following to wit:

"1. Review and approval of all budgets formulated for submission to the governing authority of Cobb County. 2. Changes or modifications to systems of procedures. 3. Use and assignment of all physical facilities.

"This authority shall be administered by the Court Administrator of the Cobb Judicial Circuit. Said Court Administrator is hereby ordered and directed to implement all rules, regulations or directives issued by the Superior Court as contemplated by this order.

"It is further ordered, that this order be spread upon the minutes of the Superior Court, Cobb Judicial Circuit. The Clerk of the Superior Court shall provide certified copies to the Clerks of the State Court, Ordinary's Court, and the Juvenile Court, wherein said order shall be recorded upon the minutes of the respective court. The Clerk of the Superior Court is further ordered to provide copies of this order to the Judges, State Court of Cobb County, District Attorney, Cobb Judicial Circuit, Solicitor, State Court of Cobb County, and all Justices of the Peace and Notary Public Ex-Officio Justices of the

Peace of Cobb County."

A motion to dismiss the appeal has been filed on the ground that the judgment appealed from is not an appealable judgment.

1. Such order not resulting from any proceedings between party litigants in the Superior Court of the Cobb Judicial Circuit appears not to be an appealable judgment. See Art. VI, Sec. II, Par. IV of the Constitution of 1945 (Code Ann. § 2-3704).

Yet such order, on its face, binds the named officers of the courts of Cobb County to submit their budgets and other matters to the superior court for approval.

It is well settled that when a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed. See *Walker v. Banks,* 65 Ga. 20; *Pope v. Jones,* 79 Ga. 487 (4 SE 860), and cits.

A judgment rendered sua sponte by the superior court which mandates actions and which, if valid, would authorize the court to hold the persons named in such judgment in contempt of court is an appealable judgment. It is a final judgment as defined in the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18, as amended; Code Ann. § 6-701). The motion to dismiss the appeal is denied.

2. The conflict arises from the order of the Superior Court of the Cobb Judicial Circuit asserting supervisory powers over all inferior courts in Cobb County as well as the district attorney and solicitor.

In *In re Lester,* 77 Ga. 143, decided in 1886, this court construed language from the Code relied upon by the superior court as its authority for entering the order which brought about the present controversy. The language of the Code has not been materially modified since. It was there held (p. 146): "The supervisory control of the superior court over inferior judicatories exists only for specified purposes, viz., either to correct errors in their proceedings in a particular case, or to command them to fulfill their official duties in such a case where, from any cause, a defect of legal justice would ensue from a failure or improper discharge of such duties; or to prohibit or arrest illegal proceedings by any officer of

such courts where no other legal remedy or relief is given, and where such interference is required by some principle of right, necessity and justice. This jurisdiction is exercised by writs designated by the statutes, such as the writ of *certiorari* or *mandamus* or prohibition." *In re Lester,* 77 Ga. 143. See also *Clark v. Morris Plan Bank,* 194 Ga. 522 (22 SE2d 147).

It follows that the judgment entered by the superior court was erroneously entered.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1974 — DECIDED SEPTEMBER 17, 1974.

*A. Harris Adams, Sams & Glover, Garvis L. Sams, Irma B. Glover, George W. Darden, District Attorney, Vernon W. Duncan, Watson L. White, Dorothy A. Robinson, Paul Carden, Harris Hines,* for appellants.

*Howell C. Ravan, Luther C. Hames, Jr., James L. Bullard, McDonald & Dupree, Hylton B. Dupree, Duard R. McDonald,* for appellees.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Assistant Attorney General,* amicus curiae.