## 51237. THE STATE v. POTTS.

Bell, Chief Judge.

The state appeals from an order of the Cobb Superior Court which in effect directs the extradition to another state of one under indictment in Cobb County or, alternatively, directs a transfer of the indicted to another county within Georgia. *Held:*

The order of the trial judge is obviously null and void on its face for two reasons: (1) The judge seeks to exercise jurisdiction over an extradition which is an authority reserved exclusively to the Governor (Code Ann. § 44-419); and (2) the judge directs a transfer of the indictee to another county within the state, an action which a superior court judge has neither the discretion nor the authority to do. However, the order is not appealable to this court as its subject matters are not of those for which appeal by the state is specifically authorized by Code Ann. § 6-1001a. The principle that a void judgment can be attacked in any court at any time does not apply to the state in criminal cases. *City of Manchester v. Rowe,* 60 Ga. App. 567 (3) (4 SE2d 477). Therefore, the appeal must be dismissed and the supersedeas previously issued on the

void order is vacated.

*Appeal dismissed. Webb and Marshall, JJ., concur. Webb, J., also concurs specially.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED OCTOBER 2, 1975 —

*George W. Darden, District Attorney,* for appellant.
*Stephen J. Olah, Barry Staples,* for appellee.

WEBB, Judge, concurring specially.

I agree that the order of the trial judge is null and void on its face as set forth in the majority opinion but under *Darden v. Ravan,* 232 Ga. 756, 758 (208 SE2d 846), I think it would be permissible for us to reverse the trial court rather than merely dismissing the appeal. In either event, however, the result is the same and my colleagues and I wish to emphasize that the judgment appealed is a nullity and can not be enforced against anyone.