30581. POTTS v. THE STATE.

PER CURIAM.

This case is here on certiorari to review the decision of the Court of Appeals in *State v. Potts,* 136 Ga. App. 1 (220 SE2d 10) (1975). The state appealed to the Court of Appeals from an order entered in two criminal cases in

Cobb Superior Court directing the Sheriff of Cobb County to surrender the defendant, Jack Howard Potts, who is in jail in Cobb County under indictments for aggravated assault, kidnapping and armed robbery, either to the Sheriff of Forsyth County or to Volusia County, Florida officials for trial first in those jurisdictions.

Cobb County counsel for Mr. Potts had filed a motion seeking his transfer to the other named jurisdictions for trial on pending murder charges prior to trial in Cobb County. The trial court's order granted the motion and stayed further proceedings in the Cobb County criminal cases until the cases in Forsyth County, Georgia, and Volusia County, Florida, were disposed of and directed that Mr. Potts be returned to Cobb County for trial.

Upon appeal of the trial court's order by the district attorney on behalf of the state, the Court of Appeals viewed the order as void but dismissed the appeal because Code Ann. § 6-1001a did not authorize the state to appeal the order of the trial court. In addition, the Court of Appeals said the principle that a void judgment can be attacked in any court at any time does not apply to the state in criminal cases, citing *City of Manchester v. Rowe,* 60 Ga. App. 567 (3) (4 SE2d 477) (1939). The *Manchester* case holds this principle does not confer the right of appeal upon the state in a criminal case and relies on *State v. B'Gos,* 175 Ga. 627 (165 SE 566) (1932), a 5-2 decision of this court holding that certiorari was not then available to review a decision of the Court of Appeals in a criminal case at the instance of the state. But, see Code Ann. § 6-1003a.

The issues treated in both *Manchester* and *B'Gos* involved judgments favorable to the defendant on the merits of the case after the defendant had been put in jeopardy. The present order is a final order as it directs the sheriff to transfer the defendant outside of Cobb County for trial in other jurisdictions prior to trial in that county on pending indictments. Issue has not been joined in the criminal cases in Cobb County and the defendant has not been placed in jeopardy on those charges. Therefore, the holding in *Manchester, B'Gos* and similar cases is not controlling here and if the trial court's order is void, it can be appealed by the state under the authority of *Darden v.*

*Ravan*, 232 Ga. 756, 758 (208 SE2d 846) (1974).

After reviewing the order of the trial court and the opinion of the Court of Appeals, we conclude the trial court's order is void and unenforceable for the reasons stated by the Court of Appeals. The trial judge was not authorized to relinquish the court's existing jurisdiction over the accused for trial on the indictments in Cobb County. The Cobb County District Attorney objects to the transfer of the accused out of the county before disposition of the indictments there against the accused. The other jurisdictions, where criminal charges are pending against the accused, make no claim in this case that they first acquired jurisdiction for the trial of charges there against the accused. Under these circumstances, the trial judge had no authority to transfer the accused out of the county before disposition of the indictments against him. See *Howington v. Wilson*, 213 Ga. 664 (100 SE2d 726) (1957), for a discussion of other limitations on the authority of a trial judge to order the transfer of a prisoner to the jail of another county. Therefore, the judgment of the Court of Appeals dismissing the appeal will be vacated with direction that the trial court's order be reversed. *Darden v. Ravan, supra.*

*Judgment vacated with direction. All the Justices concur, except Nichols, C. J., who concurs specially.*

ARGUED JANUARY 15, 1976 — DECIDED JANUARY 28, 1976 — REHEARING DENIED FEBRUARY 11, 1976.

*Stephen J. Olah, Barry Staples,* for appellant.
*George W. Darden, District Attorney, B. Wayne Phillips, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

NICHOLS, Chief Justice, concurring specially.

While I concur in the opinion of the majority that the order appealed from is an appealable judgment, and that there is no authority for a judge of the superior court to order the extradition of a prisoner, and that in this case, where the district attorney was ready to go to trial, it was an abuse of discretion to order the prisoner transferred to

another county for trial, I do not agree that the superior courts of this state do not have the authority, under proper circumstances, to order a prisoner transferred to another county in the state for trial of a pending indictment.