## 54671. THE STATE v. STUCKEY.

BELL, Chief Judge.

The defendant was convicted of armed robbery and aggravated assault on his plea of guilty. The trial court imposed a sentence of five years imprisonment which was probated. The state filed a motion to amend the sentence, contending that the sentence was null and void because probation is not allowed on conviction of armed robbery. The motion was denied and the state has appealed. *Held:*

The sentence imposed in this case is absolutely void. A superior court judge has no jurisdiction to probate a sentence imposed on conviction of armed robbery. Code § 26-1902 (b). As the sentence or judgment is void, the state can appeal under the Supreme Court's holdings in *Darden v. Ravan*, 232 Ga. 756, 758 (208 SE2d 846) and *Potts v. State*, 236 Ga. 230 (223 SE2d 120). The posture of this case is that the defendant has been validly *convicted* but has

had a void *sentence* imposed which in law amounts to no sentence at all. See *Mullins v. State,* 134 Ga. App. 243 (214 SE2d 1). Accordingly, the judgment sentencing the defendant is reversed with direction that the trial court re-sentence the defendant in compliance with the clear language of the statute by which the trial judge is bound.

*Judgment reversed with direction. Deen, P. J., Quillian, P. J., Webb, McMurray, Banke and Birdsong, JJ., concur. Smith and Shulman, JJ., dissent.*

Argued October 3, 1977 — Decided March 7, 1978 — Rehearing denied March 30, 1978.

*Lewis R. Slaton, District Attorney, Thomas Jones, Joseph J. Drolet, Assistant District Attorneys,* for appellant.

*Eric Welch,* for appellee.

Smith, Judge, dissenting.

Stuckey pleaded guilty to an indictment charging him with armed robbery and aggravated assault, and the trial court sentenced him to five years' imprisonment, all of which were probated. The state, contending the sentence was null and void because probation is not allowed by law on an armed robbery conviction, filed a "motion to amend sentence." The motion was denied, and the state has filed this appeal from the denial of that motion. Since there is no specific authorization in our law for the state to appeal the denial of a motion to amend sentence, the appeal should be dismissed.

At the outset, I agree with the majority's view that a sentence of probation is not authorized following a conviction for armed robbery. Code § 26-1902 (b). And I disagree with Stuckey's contention that probating a sentence is within the trial court's inherent powers. See *Neal v. State,* 104 Ga. 509 (30 SE 858) (1898). However, since the state's appeal in this case is not authorized by any law, this court is without jurisdiction to force the trial court to conform with the above Code section.

The instances in which the state may appeal are exclusively prescribed by Ga. L. 1973, pp. 297, 298 (Code

Ann. § 6-1001a). The law simply does not allow an appeal from denial of a motion to amend sentence. The state contends that the order denying the motion should be construed as "an order arresting judgment of conviction upon legal grounds," thus making it appealable under Section 1(b) of the 1973 Act (Code Ann. § 6-1001a (b)). Such construction would be unreasonable; there is no order arresting judgment in this case. The statute allowing the state to appeal in criminal cases is in derogation of prior law and must be strictly construed against the state. *State v. Hollomon,* 132 Ga. App. 304 (208 SE2d 167) (1974). However desirable it may be to entertain an appeal in certain cases, if the state's appeal does not fit within one of the specific conditions of the statute, it must be dismissed. *State v. Warren,* 133 Ga. App. 793 (213 SE2d 53) (1975).

Finally, the trial court's sentence is not appealable by the state merely because it is void, notwithstanding the general rule that a void judgment can be attacked in any court at any time. The Supreme Court made it clear in *Potts v. State,* 236 Ga. 230 (223 SE2d 120) (1976), that the voidness of a judgment in a criminal case gives the state a right to appeal only when the defendant had not yet been put in jeopardy. Where jeopardy had not attached prior to the judgment, *Potts,* supra, controls, and the state may appeal the judgment. Where jeopardy has attached prior to the judgment *City of Manchester v. Rowe,* 60 Ga. App. 567 (3) (4 SE2d 477) (1939), and *State v. B'Gos,* 175 Ga. 627 (165 SE 566) (1932), control, and the state may not appeal the judgment *unless the case fits within the specific terms* of Ga. L. 1973, p. 297 et seq. (Code Ann. Ch. 6-10a). Additionally, *Potts* and the case on which it relied, *Darden v. Ravan,* 232 Ga. 756 (208 SE2d 846) (1974), are fundamentally distinguishable in that they both involved judgments which the trial court had *no jurisdiction* to issue. In this case, the voidness does not spring from a lack of jurisdiction.

In summary, jeopardy had attached, and the circumstances do not fit within any of the provisions of the statute allowing the state an appeal; hence, the appeal should be dismissed.

SHULMAN, Judge, dissenting.

Under the facts of this case, I must dissent.

1. Code Ann. § 6-1001a, enumerating those specific situations wherein the state may appeal, does not allow for appeal from an order denying the state's motion to amend sentence. *Potts v. State,* 236 Ga. 230 (223 SE2d 120), cited by the majority, is simply not applicable to this case. *Potts* holds, apparently under the authority of Code Ann. § 6-1001a (c), that the state may appeal a void judgment surrendering jurisdiction of a criminal proceeding. *Potts* can be good law only insofar as it holds that a void judgment which has the effect of barring a criminal proceeding is subject to appeal by the state when the issue has not been joined and the defendant has not been put in jeopardy. Any other interpretation makes *Potts* an exercise in judicial legislation, extending the state's right to appeal in criminal cases well beyond the very limited right granted by the General Assembly in § 6-1001a. I do not believe such an inappropriate result was intended by the Supreme Court.

Here, the defendant pleaded guilty, the trial court accepted that plea and sentenced the defendant. The issue had been joined and jeopardy had attached. See *Potts,* supra, (intimating that under these facts, *City of Manchester v. Rowe,* 60 Ga. App. 567 (3) (4 SE2d 477) and *State v. B'Gos,* 175 Ga. 627 (165 SE 566) would control). Code Ann. § 6-1001a does not authorize an appeal under these facts, and therefore does not confer the necessary jurisdiction for appellate review. See, e.g., *State v. Hollomon,* 132 Ga. App. 304 (208 SE2d 167).

2. In other courts, mandamus is the proper remedy to compel the vacation of a judgment which unlawfully probates a mandatory sentence in a criminal case. Ex parte United States, 242 U. S. 27; United States v. Norton, 539 F2d 1082 (5th Cir. 1976); see 73 ALR3d 474, § 2[b].

Arguably, mandamus would be the proper remedy here. Code Ann. § 64-101 provides that "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no

other specific legal remedy for the legal rights." The Code section by its plain terms suggests that the necessary machinery exists to rectify the situation confronting this court. But see Code Ann. §§ 24-4012, 2-3108.

If I were deciding this case in a vacuum, I would so hold. The law is to the contrary, however. Mandamus will not lie when the judge ". . . refuse[s] to punish persons convicted of crime. . ." *Shreve v. Pendleton,* 129 Ga. 374, 377 (58 SE 880) (Appellate court has no original jurisdiction to issue mandamus and writ of error complaining of legislative function not subject to review. Since a superior court cannot issue mandamus to another judge of superior court to compel the performance of an official act, no judicial remedy exists). See also *Marlowe v. Worrill,* 183 Ga. 275 (188 SE 340).

3. While I would prefer that this court act so as to fashion a remedy and to resolve the issue presented in a dispositive manner, the legal apparatus does not exist for us to do so. This court is without a jurisdictional basis to entertain this matter and is, therefore, powerless to act under the circumstances.

The resolution of this issue addresses itself to the legislature and not the courts. I would refrain from " 'taking that journey . . . "beyond the limits of judicial restraint and into the area of judicial legislation." ' [Cit.]" *State of Ga. v. Meredith Chevrolet, Inc.,* 145 Ga. App. 8.

I therefore respectfully dissent.