### 36026. CITY OF KENNESAW v. RAVAN.

PER CURIAM.

On January 4, 1980, the Honorable Howell C. Ravan, Judge, Cobb Superior Court, entered the following order:

"The presentments of the November-December 1979 Term of the Grand Jury of Cobb County having been delivered in open court before the Honorable Judge Howell C. Ravan, on January 4, 1980;

"And the Penal Institution Committee of the said Grand Jury having made its report regarding the Kennesaw City Jail, located in the City of Kennesaw, Georgia, recommended that no person be kept at this facility at any time;

"And, further evidence being presented to this court in the form of statements by Janette M. Ivey, Chairman of the Penal Institution Committee regarding their findings revealed the following facts:

"1. The jail facility is separate and independent of the police department.

"2. No constant supervision of the prisoners is provided by the police department. Thus, if a prisoner needed immediate medical attention, no means of communicating this need are provided.

"3. There are no lights in the individual cells resulting in semi-darkness in the holding areas.

"4. No bathing facilities are provided for the prisoners.

"Therefore, based upon these facts, and in conformity with Ga. Code Ann. § 59-314 (1887), it is hereby ORDERED AND ADJUDGED that the facility of the Kennesaw City Jail, in the City of Kennesaw, Georgia is to be closed and no prisoners are to be incarcerated for any reason in said facility until further ORDER of this Court."

The city moved to vacate the order, or for supersedeas pending appeal, alleging that said order was an injunctive order entered sua sponte and ex parte, without notice,

without affording the city an opportunity to be heard, without being based upon an adversarial proceeding, and without jurisdiction in that the cited statutory authority vested jurisdiction, if at all, in the county governing authority and not in the superior court. The city's motions were denied and it filed notice of appeal, claiming the right to appeal under the authority of *Darden v. Ravan,* 232 Ga. 756 (208 SE2d 846) (1974).

In *Darden v. Ravan,* 232 Ga. at 758, supra, this court held that "A judgment rendered sua sponte by the superior court which mandates actions and which, if valid, would authorize the court to hold the persons named in such judgment in contempt of court is an appealable judgment."

The city's motion for supersedeas filed in this court is granted pending decision of the appeal or until further order of the court.

*Supersedeas granted. All the Justices concur.*

Decided February 6, 1980.

*Fred D. Bentley, Sr.,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.