## 60076. JONES v. THE STATE.

BANKE, Judge.

The defendant was indicted for robbery and convicted of theft by taking. The court originally announced, on a Friday, that he would be sentenced to 12 months in jail and payment of a $1,000 fine. The following Monday, however, he held another hearing at which he sentenced the defendant to serve five years in prison and an additional five years on probation. The defendant contends on appeal the court was without authority to do this.

The defendant admitted on the witness stand that he administered a severe beating to the victim after becoming embroiled in a dispute with him over a traffic incident. He also admitted that he thereupon took the victim's wallet containing $500. The only matters in dispute at the trial were how the fight arose and whether the defendant took the wallet directly from the victim's pocket or whether he took it from the ground after it had fallen there during the course of the fight.

The trial judge, unaware that a 1978 amendment to Code Ann. § 26-1812 had raised the dividing line between misdemeanor theft and felony theft from $100 to $200 (Ga. L. 1978, pp. 1457, 1458), and further unaware that it is up to the jury to determine the value of the property stolen only where the fact is in dispute (see *Jones v. State,* 147 Ga. App. 779, 780 (2) (250 SE2d 500) (1978)), instructed the jury that in the event they found the defendant guilty of theft, they should indicate on the verdict whether the amount stolen was greater or less than $100. The jury dutifully found the defendant guilty of taking a sum greater than $100. By this time, the judge realized that the statute had been changed. However, believing that the jury's verdict did not authorize him to impose a felony sentence, he announced from the bench that the sentence would be 12 months in jail and a $1,000 fine. Over the weekend, he reconsidered the matter and came to the conclusion that the jury's verdict did not in fact preclude a felony sentence; and on the following Monday, he accordingly called another hearing and imposed one. The felony sentence is the only

sentence contained in the record, the prior misdemeanor sentence never having been filed. *Held:*

1. A sentence which is not imposed in conformance with the verdict is void, and a new sentence may be imposed to conform to the verdict at any time. See *Morris v. Clark,* 156 Ga. 489 (119 SE 303) (1923); *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656) (1948); *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627) (1978). However, the misdemeanor sentence initially announced by the court in this case does conform to the jury's verdict, i.e., the two are not facially inconsistent. Accordingly, had the misdemeanor sentence been reduced to writing and filed, it would have been a legal verdict.

"While it is true that an oral sentence is not a binding judgment of the court, the law is also clear that once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy. [Cits.]" *Inman v. State,* 124 Ga. App. 190, 192 (183 SE2d 413) (1971). Accord, *Carrindine v. Ricketts,* 236 Ga. 283, 290 (223 SE2d 627) (1976); *England v. Newton,* 238 Ga. 534, 536 (233 SE2d 787) (1977); *Johnson v. Gooding,* 242 Ga. 793 (251 SE2d 534) (1979); *Brown v. Moody,* 243 Ga. 473 (254 SE2d 853) (1979); *Rutland v. State,* 14 Ga. App. 746 (82 SE 293) (1914). It appears from the record that the defendant was in fact incarcerated immediately upon the announcement of the misdemeanor sentence on Friday and was held in jail over the weekend. We thus hold that the court was without power to increase the sentence the following Monday; and, accordingly, we vacate that sentence and remand the case with direction that the original misdemeanor sentence be reimposed.

2. The remaining enumerations of error are either unsupported by the record or are otherwise found to be without merit.

*Judgment affirmed as to the conviction and vacated and remanded with direction as to the sentence. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JUNE 6, 1980 — DECIDED JULY 16, 1980 —

*Dennis T. Still,* for appellant.

*Bryant Huff,* District Attorney, *Gerald W. Brown,* Assistant District Attorney, for appellee.