62745, 62919. THE STATE v. SHUMAN; and vice versa.

SHULMAN, Presiding Judge.

In one indictment appellee/cross-appellant Shuman was charged with possession and sale of controlled substances on October

2, 1979, and recidivism. A second indictment charged Shuman with possession of marijuana and controlled substances on June 12, 1980. After the two indictments were consolidated and a trial was had, appellee was convicted of the October 2 charge and acquitted of the June 12 possession charges. Shuman was sentenced to serve five years, and the state's appeal followed the trial court's denial of the state's motion to amend the sentence. In the cross-appeal, Shuman seeks reversal of the denial of his motion for a new trial, asserting that he was denied the effective assistance of counsel.

1. In his appeal, Shuman asserts that his trial counsel was ineffective and cites several purported examples of the alleged ineffectiveness. We must point out that counsel now attacked as ineffective succeeded in having the jury acquit the defendant of two of the three charges against him. In light of this, we will not consider those allegations of ineffectiveness which concern the charges of which appellant was acquitted.

In *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), the Supreme Court adopted the following standard to determine the effectiveness of counsel: " 'We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' " Id., p. 639. We have examined the transcript with each of cross-appellant Shuman's pertinent allegations of ineffectiveness in mind and conclude that his trial counsel was not ineffective.

2. Consolidation for trial of two indictments charging separate and distinct offenses is not *per se* ineffective assistance of counsel. The cases may be tried jointly with the consent of the defendant. *Bradford v. State,* 126 Ga. App. 688 (1) (191 SE2d 545). It is possible that the defendant and his counsel consolidated the indictments, one of which charged the defendant with recidivism, to minimize the possible effects of Code Ann. § 27-2511 on the defendant. Under that statute, conviction of the charges alleged in multiple indictments which are tried together is treated as one conviction. We will not read into defendant Shuman's post-trial affidavit an implication that he did not knowingly consent to the consolidation.

3. Shuman asserts that damaging character and hearsay evidence was admitted into evidence at trial with no objection from his trial attorney. Four of appellant's seven examples are based upon testimony introduced with respect to the charges of which appellant was acquitted and therefore will not be considered by this court. The remaining instances of the alleged placement of the defendant's character into evidence concern a defense counsel query about the defendant's probation officer, a remark of the defendant's about his probation officer, and the defendant's acknowledgment on cross-

examination that he had previously possessed quaaludes.

Since previous possession of quaaludes is not necessarily criminal conduct, appellant's admission of such conduct will not place his character into evidence. Secondly, appellant cannot now complain that his answers to questions constituted ineffectiveness on his attorney's part. Finally, the propounding of an incomplete improper question to a witness is not grounds for reversal or a finding of ineffectiveness, and the trial court's cutting short of the question diminished whatever prejudicial effect the incomplete question may have had on the jury. See *Bell v. State,* 129 Ga. App. 783 (4) (201 SE2d 340).

4. Defendant's complaints about his attorney's legal ability with respect to the motion to suppress hearing and a demurrer to the indictment will be given no consideration here since defendant cannot show any harm resulting from his lawyer's conduct inasmuch as the jury acquitted defendant of the charges with which the motion to suppress and the demurrer were concerned.

5. Finally, defendant attacks the adequacy of his attorney's closing argument to the jury with respect to the defense presented to the charges of possession and sale of controlled substances. Appellant's criticism is, in reality, a condemnation of trial counsel because he did not conduct appellant's defense in the same manner as appellant's present counsel would have. Such a difference of opinion does not require a finding that the trial attorney was so inadequate as to amount to a denial of appellant's right to effective assistance of counsel. *Pitts v. Glass,* supra, p. 460.

6. We now turn to the state's appeal concerning the five-year sentence received by appellant. Although Code Ann § 6-1001a, enumerating those specific situations wherein the state may appeal, does not allow for appeal from an order denying the state's motion to amend sentence, this court has ruled that void sentences are appealable by the state. *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627). Having determined that the sentence imposed by the trial court is void, we entertain the state's appeal under the dictates of *Stuckey.*

7. The state maintains that the trial court was required by Code Ann. §§ 27-2511 and 79A-811 (d) to give appellant, as a recidivist, a 30-year sentence. Under Code Ann. § 27-2511, "[i]f any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted . . ." Appellant's conviction for possession and sale of marijuana calls for a

sentence of 5-30 years. Code Ann. § 79A-811 (d). At the sentencing, the trial court refused to consider appellant's previous convictions because he had been given probated sentences. The trial court's refusal to consider appellant's earlier convictions was error which rendered the sentence, as pronounced, void. See *Tankersley v. State,* 155 Ga. App. 917 (13) (273 SE2d 862); *Bennett v. State,* 132 Ga. App. 397 (3) (208 SE2d 181). In remanding the case to the trial court with direction that a sentence in accordance with Code Ann. § 27-2511 be imposed, we note that "there is no limitation on the trial court's authority under Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) to grant probation of [a sentence imposed under § 27-2511]." *State v. O'Neal,* 156 Ga. App. 384 (2) (274 SE2d 575).

*Judgment reversed and remanded with direction in Case No. 62745. Judgment affirmed in Case No. 62919. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 17, 1982.

*Spencer Lawton, Jr., District Attorney, Robert M. Hitch III, Assistant District Attorney,* for appellant.
*Jack Friday,* for appellee.