73842. THE STATE v. JOHNSON.
(358 SE2d 840)

SOGNIER, Judge.

In this appeal the State contends the trial court erred by modifying Johnson's sentence more than one year after it was imposed. This is a direct appeal from that action. Although OCGA § 5-7-1 does not allow for an appeal by the State from the probation of appellee's sentence to confinement, the State contends the court's probation of the sentence is void and this court has held that void sentences are appealable by the State. *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978); *State v. Shuman*, 161 Ga. App. 304, 306 (6) (287 SE2d 757) (1982). Thus, we will review this matter in light of the State's contention that the trial court's action in probating appellee's sen-

tence to confinement is void.

The record shows that on February 1, 1985, appellee was found guilty of two counts of forgery and sentenced to ten years' confinement on each count, to run concurrently. However, the court ordered a post-sentence investigation to determine what portion of appellee's sentence, if any, should be probated. The same date appellee filed a notice of appeal and on February 3, 1986, his conviction was affirmed by this court. *Johnson v. State*, 177 Ga. App. 705 (340 SE2d 662) (1986). On April 9, 1986, the trial court held a hearing and probated appellee's entire sentence to confinement.

The State contends that the court's sentence to probation on April 9, 1986, is void because more than four terms of court have passed since appellee was convicted and sentenced on February 1, 1985. The State argues that under the provisions of OCGA § 17-10-1, the trial court had no power or authority to change or modify the sentence. OCGA § 17-10-1 (a) provides, in pertinent part: "Except in cases in which life imprisonment or the death penalty must be imposed, upon a verdict . . . in any case involving a misdemeanor or felony and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years . . . as the punishment for the crime. The judge imposing the sentence is granted power and authority to . . . probate the sentence under such rules and regulations as he deems proper. . . . After the term of court, or 60 days from the date on which the sentence was imposed by the judge, whichever time is greater, he shall have no authority to suspend, probate, modify, or change the sentence of the defendant, except as otherwise provided by law." It is the last sentence of this statute that the State relies on to support its contention that the trial court had no power or authority to probate appellee's sentence to confinement. Although this appears at first blush to be a valid contention, we disagree with the State's position for reasons set forth hereafter.

The sentencing portion of the original trial makes it readily apparent that the trial court did not intend its sentence to ten years' confinement to be the actual, or "final," sentence for appellee. In this regard, the court stated: "I'm going to order a post-sentence investigation to determine whether or not any part of the sentence should be probated. But, that determination will be made upon the information furnished me by the Clayton County Probation Office post-sentence investigator and any information that the defendant wishes to furnish in documentary form." The court then imposed the sentence to ten years' confinement and stated: "Thirty days from today or as close thereto as a Friday morning falls, the Probation Department will have completed the post-sentence investigation and you will be brought back before the Court for a determination as to how much, if any, of

the sentence should be probated." Although the record does not disclose why the post-sentence investigation was delayed, at the hearing on April 9, 1986, the court stated: "The investigation has been completed and Court is now ready to *finalize* your sentence." (Emphasis supplied.) The court then sentenced appellee to the same ten years (on each count), but probated the confinement.

This court has held that it is permissible to use a "post-sentence" report for the purpose of deciding whether to suspend or probate all or some part of a sentence. *Threatt v. State*, 156 Ga. App. 345, 347 (274 SE2d 734) (1980). Hence, the procedure followed by the court in the instant case was proper. Although OCGA § 17-10-1 (a) generally prohibits suspension, probation, modification or change of a sentence after the term of court at which sentence is imposed, the statute contains the proviso "except as otherwise provided by law." OCGA § 42-8-34 (a) provides, in pertinent part: "Any court of this state which has original jurisdiction of criminal actions . . . in which the defendant in a criminal case has been found guilty . . . may, *at a time to be determined by the court*, hear and determine the question of the probation of such defendant." (Emphasis supplied.) The court here determined the time for such a hearing to be on April 9, 1986, after it received the post-sentence investigator's report. Thus, under the facts and circumstances of this case, including the court's expressed intention to consider probation for appellee, we find the trial court's action proper and the sentence to probation is not void. Hence, the State's appeal is dismissed.

*Appeal dismissed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MAY 19, 1987 —
REHEARING DENIED JUNE 8, 1987 — ▮▮▮▮▮▮▮

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellant.
*Robert A. Moss*, for appellee.