## A89A0262. THE STATE v. SOSEBEE.

(382 SE2d 681)

DEEN, Presiding Judge.

In the instant case appellee Sosebee was indicted and tried on a charge of theft by deception, the indictment alleging that Sosebee unlawfully obtained $8,000 from the sale of a boat without disclosing the existence of a known valid lien on the property. A Hall County jury found him guilty as charged, and he was sentenced to ten years' confinement and ordered to make restitution in the amount of $500.

The State appeals, alleging that it was error to require restitution of only $500 (the minimum amount required to sustain a conviction) when the indictment averred a theft of $8,000. The State bases its appeal on OCGA § 5-7-1 (2), contending that the trial court's order is one which arrests the judgment of conviction on legal grounds, as specified in subsection (2). The State further alleges that the sentence was void and therefore directly appealable.

OCGA § 5-7-1 states the only grounds on which the State may properly appeal in a criminal case, and the statute is construed strictly against the State. *State v. Clendinin*, 136 Ga. App. 303 (211 SE2d 71) (1975). See also, e.g., *State v. Eaves*, 185 Ga. App. 740 (365 SE2d 535) (1988); *State v. Bryant*, 182 Ga. App. 698 (356 SE2d 656) (1987); *State v. Asinoff*, 173 Ga. App. 573 (327 SE2d 237) (1985). We find that the order appealed from does not represent any of the statutorily enumerated instances in which the State has the right to appeal. See, e.g., *State v. Gribble*, 169 Ga. App. 446 (313 SE2d 720) (1984). We find, moreover, that the sentence below is not void. See *State v. O'Neal*, 156 Ga. App. 384 (274 SE2d 575) (1980); cf. *State v. Johnson*, 183 Ga. App. 236 (358 SE2d 840) (1987); *State v. Shuman*, 161 Ga. App. 304 (287 SE2d 757) (1982). The appeal must be dismissed for lack of jurisdiction.

*Appeal dismissed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 16, 1989 —
REHEARING DENIED MAY 31, 1989.

*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellant.
*Eddie Benton, Jr.*, for appellee.