A89A1624. THE STATE v. WRIGHT.
(386 SE2d 720)

BANKE, Presiding Judge.
Defendant Wright was convicted of trafficking in cocaine based

on an indictment charging that she had knowingly brought into this state more than 400 grams of cocaine. She was sentenced by the trial court to 30 years' imprisonment and to payment of a $500,000 fine, but that sentence was later reduced by the Superior Court Sentence Review Panel to 25 years, the last five of which were probated. Before us now is a direct appeal by the state from that order. *Held*:

Upon application by a criminal defendant, the Superior Court Sentence Review Panel has the authority under OCGA § 17-10-6 (c) to issue an order reducing a sentence imposed by the trial court. The Code section provides that "[t]he reduction of a sentence or the refusal to reduce a sentence by the panel shall not be reviewable." OCGA § 17-10-6 (d). However, based on our prior holdings that the appellate courts of this state may entertain an appeal by the state from a criminal sentence which is absolutely void due to some legal prohibition, see *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978); *State v. Shuman*, 161 Ga. App. 304, 306 (287 SE2d 757) (1982), the state contends that the present appeal is nevertheless authorized because OCGA § 16-13-31 (a) (1) (C) mandates that a person convicted of trafficking in 400 grams or more of cocaine "shall be sentenced to a mandatory minimum term of imprisonment of 25 years . . .," and because OCGA § 16-13-31 (e) (1) specifies that the sentence imposed under OCGA § 16-13-31 "shall not be suspended, probated, deferred, or withheld prior to serving the mandatory minimum term of imprisonment prescribed by this Code section." See *Moran v. State*, 170 Ga. App. 837 (3) (318 SE2d 716) (1984).

While we agree that the sentence imposed by the panel is less than the minimum required by law under the circumstances, we must conclude that the state's appeal presents nothing for review, inasmuch as the notice of appeal seeks to challenge no ruling or action on the part of the superior court, which is the tribunal in which the notice of appeal was filed. We suggest to the state that the proper method of challenging the panel's action would be by application for a writ of mandamus to compel the panel to impose a sentence in accordance with the statutory mandate. See generally Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983; OCGA § 9-6-20.

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 19, 1989.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellant.

Pamela Wright, *pro se.*