A92A0321. THE STATE v. DAWSON.
(419 SE2d 30)

JOHNSON, Judge.

Appellee Dawson was issued a uniform traffic citation on December 23, 1990, charging him with driving under the influence of alcohol based on the results of a breath test on which he had registered ".19 grams." The charge was returnable to the Municipal Court for the City of Albany, but at Dawson's request the case was transferred by that court to the State Court of Dougherty County, where the district attorney filed a notice of intent to present similar transaction evidence. The record reflects that several months later, on August 9, 1991, the trial court allowed Dawson to plead guilty to the "reduced"

charge of reckless driving and sentenced him to 12 months probation. Although the accusation form contains a space to be signed by the district attorney at the time any plea is entered, no signature appears in that space; and it is apparent without dispute from the record and from the briefs of the parties that the district attorney was not present in court when the plea was entered and did not consent to it.

On September 27, 1991, the district attorney moved to set aside the conviction and sentence on the ground that the plea had been received ex parte and without notice to the state. The state brings this appeal from the denial of that motion.

1. As a general rule, it is the exclusive province of the state's attorney to enter into plea discussions with a criminal defendant, and the trial court is not authorized to participate in such negotiations except to the extent of indicating to the parties whether it is or is not likely to concur in the proposed disposition. See Rule 33.5 (A) & (B), Uniform State Court Rules. It follows that the trial court was without authority under the circumstances to accept a plea to an offense different from the one alleged in the accusation.

2. Assuming purely for the purpose of argument that a conviction of a different offense from the one alleged in the accusation would have been authorized by the actual facts of the case, there is no indication in the record before us that any evidentiary proceeding was ever conducted at which the facts of the case could have been determined. Certainly, no such proceeding was conducted at which the state was represented. For these reasons, we must agree with the state that the conviction and sentence entered by the trial judge were absolutely void.

3. The appellee contends that the state's motion to set aside the conviction and sentence was in effect a motion in arrest of judgment and that, because it was not filed during the same term at which the conviction and sentence were entered, it was untimely. See generally OCGA § 17-9-61 (b). However, it has been held that a void judgment entered in a criminal case in which jeopardy has not attached is an absolute nullity and may be attacked at any time. See *Potts v. State*, 236 Ga. 230 (223 SE2d 120) (1976); *State v. Cooperman*, 147 Ga. App. 556, 558 (4) (249 SE2d 358) (1978). See also *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627 ) (1978); *State v. Shuman*, 161 Ga. App. 304 (6, 7) (287 SE2d 757) (1982); *Jones v. State*, 155 Ga. App. 382, 383 (271 SE2d 30) (1980).

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1992.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assis-*

*tant District Attorney*, for appellant.

Brimberry, Kaplan, Campbell & Donaldson, Jerry W. Brimberry, Mark D. Brimberry, for appellee.