A97A1359, A97A1360. GIBBINS v. THE STATE; and vice versa.
(495 SE2d 46)

BIRDSONG, Presiding Judge.

In Case No. A97A1359, Larry Wade Gibbins, the stepfather of the victim, appeals his convictions of one count each of rape, child molestation, incest, and aggravated sexual battery and two counts of aggravated child molestation. In Case No. A97A1360, the State appeals the trial judge's decisions that the rape and incest counts and that one count of aggravated child molestation and the child molestation count also merged for sentencing.

*Case No. A97A1359*

Gibbins contends the trial court erred by denying his motion for a directed verdict on the rape count, by refusing to instruct the jury on the force requirement in a rape prosecution, by refusing to excuse a venirewoman, by allowing the introduction of similar transactions, by refusing to give a requested charge on similar transactions, by refusing to grant a mistrial or give curative instructions because of alleged improper closing argument by the prosecution, and by denying a request for a one-week continuance in the pre-sentencing hearing. *Held*:

1. Gibbins first contends that the trial court erred by denying his motion for a directed verdict of acquittal on the count of forcible rape because the evidence did not prove that he used force or threat of deadly force or serious bodily injury. Gibbins argues that this case is controlled by *Drake v. State*, 239 Ga. 232, 233-235 (236 SE2d 748), which holds that the element of force must be proved when a defendant is charged with forcible rape of a child victim.

*Drake* held: "It is true that sometimes mere lack of consent imputes force, but this is true only where children are not involved. . . . 'In the ordinary case the force to which reference is made is not the force inherent in the act of penetration but is the force used to overcome the resistance of the female. When the victim is physically or mentally unable to give consent to the act, as when she is intoxicated, drugged, or mentally incompetent, the requirement of force is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant.' " Id. at 234-235. In *Drake*, "[t]he Supreme Court differentiated between the 'against the will' and 'force' elements necessary to prove

forcible rape. The Court held that the lack of consent element necessary to prove forcible rape was 'automatically shown' by proof that the victim was under the age of consent, but the element of force 'must be shown by evidence.'" *Luke v. State*, 222 Ga. App. 203 (1) (474 SE2d 49).

Some believe, however, that this holding in *Drake* is no longer effective (see, e.g., *Durr v. State*, 229 Ga. App. 103, 105 (493 SE2d 210) (special concurrence)) because of the Supreme Court's pronouncement in *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) that "[s]exual acts directed to [children] are, in law, forcible and against the will." This view is reinforced by our Supreme Court's later pronouncement to that effect in *Richardson v. State*, 256 Ga. 746, 747 (353 SE2d 342).

This position is given added weight by our Supreme Court's recent decision in *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178), that "[c]hild molestation is, by its very nature, a crime involving a forcible and violent act. See *Richardson v. State*, [supra]; *Cooper v. State*, [supra]; *Luke v. State*, [supra]; *Huggins v. State*, 192 Ga. App. 820 (1) (386 SE2d 703) (1989). Because children do not have the capacity to give consent to or resist a sexual act directed at them, such acts 'are, in law, forcible and against the will' of a child. *Cooper v. State*, supra; *Luke v. State*, supra."

Nevertheless, none of these pronouncements was made in forcible rape cases, and we have found no forcible rape case in which our Supreme Court has made similar pronouncements even though as long ago as 1976 our Supreme Court held in *Curtis v. State*, 236 Ga. 362, 363 (223 SE2d 721), that "[t]he issue to be decided is whether the prosecutrix freely consented, or whether her lack of resistance sprang from reasonable apprehension of great bodily harm, violence, or other dangerous consequences to herself or another."

This problem arises with victims under the age of consent because the victim's age alone would establish both the elements of lack of consent and force, and thus all statutory rape cases (OCGA § 16-6-3) would be forcible rape cases (OCGA § 16-6-1). See *Drake*, supra at 234. "The principle in *Drake* is applicable only when the charge is forcible rape of a minor; it is applied to preserve the distinction between forcible rape and statutory rape. Otherwise, the statute making the latter a crime is meaningless." *Durr v. State*, supra at 104 (2). Therefore, we are still bound not to depart from the questionable holding in *Drake*. (For example, how could sexual intercourse with a two-year-old child ever be accomplished with informed consent and without force, as a matter of law?)

In this case, although the victim never testified directly that Gibbins used force or threats of force to commit rape, we do not find that this is dispositive of the issue. In *Drake* the Supreme Court affirmed Drake's conviction for forcible rape because evidence of force

through intimidation was sufficient to sustain the conviction. "Lack of resistance, induced by fear, is force." (Citation and punctuation omitted.) *Drake*, supra at 236 (2). Thus we find that the victim's state of mind from her prior experience with Gibbins and her subjective apprehension of danger from him were sufficient evidence to satisfy the force requirement. Id. "Force may be proved by direct or circumstantial evidence." *Daniel v. State*, 194 Ga. App. 495, 496 (391 SE2d 128).

Here, the victim testified that Gibbins began exploiting her sexually when she was under five years old, that she did not tell her mother because she was afraid of what Gibbins might do, and that Gibbins told her that if she told anyone, she and her mother would be out on the streets. Another time the victim testified that Gibbins said they would be out on the streets and they would die. Although the victim's testimony on this statement was weakened somewhat on cross-examination, this testimony was evidence from which a jury could conclude that the victim's participation in the sexual relations with Gibbins was produced by fear for herself and her mother. *Curtis*, supra; *Raines v. State*, 191 Ga. App. 743, 744 (382 SE2d 738).

Accordingly, the trial court did not err by denying Gibbins' motion for a directed verdict of acquittal.

2. Gibbins next contends the trial court erred by failing to instruct the jury that for intimidation to satisfy the force requirement in a prosecution for forcible rape, the intimidation must involve a threat or fear of death or immediate and serious bodily injury. As shown by our discussion in Division 1, this contention is without merit. See *Clark v. State*, 261 Ga. 311, 312 (404 SE2d 787). Moreover, as the thinking process of children generally is not as developed as that of adults, were it necessary we would not hesitate to find that the age of the child, at the time a sexual abusive pattern commences, is a factor to be considered by a jury in determining whether an informed consent was given or whether the threat, force, or emotional trauma of repeated sexual abuse was sufficient to cause lack of resistance.

3. Gibbins further contends the trial court erred by abusing its discretion when it refused to excuse for cause a venirewoman who testified that because of her past experiences she would have difficulty being fair to him and that she would believe the child victim over an adult accused. The record shows, however, that the venirewoman also stated that she could set aside her past and decide the case based on the evidence presented. Further, in response to questioning by the court, the venirewoman stated that she would "try the hardest possible to be impartial, completely impartial, until [she heard] all the evidence," and that she would "try to the best of [her] ability to [give Gibbins a fair trial]." "The fact that a potential juror

may have some doubt about his impartiality, or complete freedom from all bias, does not demand, as a matter of law that the juror be excused for cause." *Greenway v. State*, 207 Ga. App. 511, 513 (3) (428 SE2d 415). Because the record does not demonstrate that the juror's opinion was " 'so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence,' we cannot say that the trial court abused its discretion in declining to strike the juror for cause. (Citations and punctuation omitted.) Id." *Nichols v. State*, 221 Ga. App. 600, 601 (2) (473 SE2d 491). Further, "to disqualify a prospective juror on the basis that he has formed an opinion about the guilt or innocence of the defendant, when the prospective juror had formed the opinion based on hearsay rather than his having witnessed the crime or having heard testimony under oath, the opinion must be so fixed and definite that it would not be changed by the evidence or the charge of the court during the trial of the case. *Waters v. State*, 248 Ga. 355, 362 (2) (283 SE2d 238) (1981). . . . The prospective juror testified that [she] could put aside any prior impressions and fairly and impartially decide the case on the evidence presented at trial. Thus, [she] was not subject to a successful challenge for cause. See *Bright v. State*, 265 Ga. 265, 281 (8) (455 SE2d 37) (1995)." *Berry v. State*, 267 Ga. 605, 609 (6) (481 SE2d 203). Accordingly, this enumeration of error is also without merit.

4. Gibbins also alleges that the trial court erred by allowing introduction of remote similar transaction evidence through the testimony of two of his adult natural daughters. One daughter testified that Gibbins had molested her, had oral sex with her, and had sexual intercourse with her when she was very young. She testified that these events occurred some 20 to 29 years ago. The other daughter testified that Gibbins had molested her when she was about five years old. We find no reversible error. "In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged." (Citation and punctuation omitted.) *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292). Although the time between a prior incident and the offense charged is a factor going to the weight accorded such evidence, Gibbins' contention that the prior incident was too remote in time to be admissible as a similar transaction is without merit. *Bryson v. State*, 210 Ga. App. 642, 643 (2) (437 SE2d 352); see generally *Oller v. State*, 187 Ga. App. 818, 819 (2) (371 SE2d 455).

5. Gibbins also alleges that the trial court erred by refusing to give his requested charge regarding the remoteness of similar transaction evidence and in particular the 31-year rule announced in *Gil-*

*strap v. State*, 261 Ga. 798 (410 SE2d 423). It is a fundamental rule in this state that jury instructions must be considered as a whole in determining whether there was error in the charge (*Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177); *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (385 SE2d 746)), and it is not error to fail to charge in the exact language of a requested charge if the principles of law embodied in the request are included in the charge given. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 160 (256 SE2d 916). We find that the trial court's general charge was sufficient to instruct the jury on the factors to be considered in assessing the testimony of the witnesses even though the charge did not specifically refer to the remoteness of the acts mentioned in the testimony. Moreover, we do not find that the so-called "31 year rule" of *Gilstrap v. State*, supra, is a proper subject of a jury charge. This rule concerns the admissibility of the similar transaction evidence, and that issue is to be decided by the trial court. " 'Even though language used by the appellate courts in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury.' " *Griffin v. State*, 154 Ga. App. 261, 263 (2) (267 SE2d 867).

6. Gibbins argues that the trial court erred by failing to grant a mistrial or give curative instructions because of the prosecutor's closing argument. He contends the prosecutor improperly testified in closing because the prosecutor asserted personal knowledge of the facts thus allegedly accusing the victim's mother of lying about whether the prosecutor consented to the mother taking the victim to be interviewed by the defense counsel, berated the victim's mother for allowing Gibbins' counsel to interview the victim, berated Gibbins' defense counsel for cross-examining the victim, argued Gibbins' future dangerousness during the guilt-innocence phase, and exhorted the jury to act on passion by repeatedly crying.

Absent the abuse of discretion, control of the range of argument is vested in the trial court (*Towns v. State*, 191 Ga. App. 229, 230 (381 SE2d 405)), and whether a trial court took sufficient measures to remove improper matters from the minds of the jury generally depends upon the circumstances of the case. In this appeal, we cannot conclude the trial court's response to the improper argument was so inadequate as to require a new trial. *Purvis v. Toole*, 207 Ga. App. 189, 190 (427 SE2d 565). We do not read the prosecutor's comments regarding ending the tragedy and making this victim the last as ominously as does Gibbins. The first point was made in response to an argument made by Gibbins' counsel, and the latter was made in passing and was not argued at length.

Further, although a witness cannot be compelled to submit to a pre-trial interview, the State may not deny a defendant access to a material witness. *Sosebee v. State*, 190 Ga. App. 746, 748 (380 SE2d

464). Thus, even though the prosecutor's point about the mother taking the child to be interviewed by the defense counsel was incorrect legally, we do not consider action by the trial court was necessary as these comments did not concern a material issue. In the same manner, prosecutors should take great care when commenting upon defendants' exercise of their right to cross-examine witnesses, even victims. In this appeal, we find no error because the focus of the argument concerned how the victim stood up to the cross-examination.

Nor do we find error in the trial court's refusal to grant a mistrial because the prosecutor, the victim and her mother, and the similar transaction witnesses cried during closing argument. The record does not show that their actions disrupted the court or otherwise affected the jury. Compare *Glenn v. State*, 205 Ga. 32, 34 (52 SE2d 319). Accordingly, the trial court did not err by denying Gibbins' motion for a mistrial.

7. Finally, Gibbins contends the trial court erred by denying a one-week continuance before sentencing because the defense had not developed fully mitigating circumstances and because there was a need to confer about Gibbins testifying during sentencing. We find no error. Gibbins' reliance on cases in which the trial court did not hold a pre-sentencing hearing is not well taken. In this case, the trial court did not prevent Gibbins from participating in such a hearing; the trial court merely refused to delay the hearing until such time as Gibbins deemed appropriate. The trial court has discretion in scheduling the pre-sentencing hearing (*Scott v. State*, 216 Ga. App. 692, 693-694 (455 SE2d 609)), and we do not find that this discretion was abused in this case. *Jackson v. State*, 266 Ga. 308, 309 (467 SE2d 495).

### Case No. A97A1360

8. In its cross-appeal the State contends the trial court erred by merging Gibbins' convictions of Count 2, rape, with Count 4, incest, and also by merging the convictions of Count 1, aggravated child molestation, with Count 3, molestation. The State's authority to appeal in a criminal case is granted in OCGA § 5-7-1, and appeals by the State are limited to the following instances and one significant exception: " '(1) From an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof; (2) From an order, decision, or judgment arresting judgment of conviction upon legal grounds; (3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy; (4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions

made and ruled upon prior to the impaneling of a jury; or (5) From an order, decision, or judgment transferring a case to the juvenile court pursuant to subparagraph (b) (2) (B) of Code Section 15-11-5.' OCGA § 5-7-1 (a); *State v. Greenwood*, 206 Ga. App. 188 (424 SE2d 870)." *State v. Creel*, 216 Ga. App. 394, 395-396 (454 SE2d 804). The exception is that "[n]otwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. *Potts v. State*, 236 Ga. 230 (223 SE2d 120) (1976); *Darden v. Ravan*, 232 Ga. 756 (1) (208 SE2d 846) (1974)." *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253). Therefore, as none of the circumstances specified in OCGA § 5-7-1 (a) is present in this case, the State's entitlement to an appeal depends upon whether the trial court imposed an illegal sentence.

It is readily apparent that the sentence is not void or illegal because it was imposed when the trial court was without jurisdiction to impose the sentence (*State v. Johnson*, 183 Ga. App. 236 (358 SE2d 840)) or because the sentence was contrary to that required by law. See *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627). In this case, the State merely contends that the trial court erred in merging the various counts for sentencing. Under the circumstances, we find that this appeal does not represent any of the statutorily enumerated instances in which the State has the right to appeal, and we find that the sentence is not void. Therefore, the appeal must be dismissed for lack of jurisdiction. *State v. Sosebee*, 191 Ga. App. 725 (382 SE2d 681).

Although there may be merit to allowing appellate courts to correct potential errors in sentencing, the grounds on which the State may appeal in a criminal case are set forth in OCGA § 5-7-1, and this statute must be strictly construed against the State. *State v. Sosebee*, supra. Therefore, if other grounds for appeal by the State are to be created, they must be established by the General Assembly.

*Judgment affirmed in Case No. A97A1359. Appeal dismissed in Case No. A97A1360. Ruffin and Eldridge, JJ., concur.*

DECIDED DECEMBER 3, 1997 —
RECONSIDERATION DENIED DECEMBER 18, 1997 —

*William G. Quinn III*, for appellant.
*Thomas J. Charron, District Attorney, Frank R. Cox, Debra H. Bernes, Assistant District Attorneys*, for appellee.