S97A1721. PETERS et al. v. FOLLOWILL et al.
(497 SE2d 789)

HINES, Justice.

This appeal is from an ex parte order of the Superior Court of Muscogee County, fixing the compensation of the Judge of the Juvenile Court of Columbus, Georgia, County of Muscogee. The order was directed to the Mayor of Columbus, Members of the Council of the

Columbus Consolidated Government, the City Manager, and the Director of Finance,[1] and ordered that the compensation of the juvenile court judge be set at a certain amount, to be paid by the Consolidated Government. The recipients of the order filed a notice of appeal. See *Darden v. Ravan*, 232 Ga. 756, 758 (1) (208 SE2d 846) (1974).

The issues are governed by OCGA § 15-11-3, which provides for the creation of circuit-wide juvenile court judgeships and provides a method for compensation of juvenile court judges. The recipients of the order argue that the judges of the superior court cannot fix the salary of the juvenile court judge without the approval of the Columbus Council. They rely upon the following language of OCGA § 15-11-3 (d) (1): "Except as otherwise provided by law, the compensation of the juvenile judge shall be set by the . . . judges of the superior court with the approval of the governing authority . . . of the county . . . for which [the juvenile judge] is appointed."

The superior court judges urge that the above language applies only when circuit-wide juvenile judges have been selected, and until that occurs, the method of compensation of the juvenile court judge is as it was before July 1, 1983. They cite language of OCGA § 15-11-3 (b): "All juvenile court judgeships, their methods of compensation, selection, and operation, established on or before July 1, 1983, shall continue until such time as a circuit-wide juvenile court judge is appointed . . . ." It is uncontested that the juvenile court judge in question holds a judgeship that was established before July 1, 1983, and that no circuit-wide juvenile court judge has been appointed. It is also uncontested that the issuance of an order like the one at issue is the method by which the compensation of the juvenile court judge was set prior to July 1, 1983. See Ga. L. 1951, pp. 292-293, § 3.

Because no circuit-wide juvenile court judge has been appointed, the method of fixing compensation employed prior to July 1, 1983 continues. OCGA § 15-11-3 (d) (1)'s plain language is that the approval of the governing authority is required only when another method has not been provided by law.[2] OCGA § 15-11-3 (b) clearly states that in a county where a circuit-wide judge has not been appointed, such as Muscogee, the method of compensation remains as it was prior to July 1, 1983, and that method did not require approval of the Columbus Council. See also 1987 Op. Atty. Gen. U87-5, concluding that the statutory language continuing pre-1983 methods of compensation, selection and operation leaves those matters

---

[1] The governments of the City of Columbus and Muscogee County are consolidated. Ga. L. 1971 Ex. Sess., p. 2007.

[2] There is no suggestion that any local law has been enacted to govern the compensation of the juvenile court judge.

unaffected.

Considering OCGA § 15-11-3 (d) (1) compels the conclusion that the superior court judges do not require approval of the Council to fix compensation. The statutory provision deals with compensation in a circuit-wide setting, specifying the level of state participation in juvenile court compensation based upon the size of the *circuit*. This would have no application to the Juvenile Court of Muscogee County.

As the method for fixing the juvenile court judge's compensation that was in place prior to July 1, 1983 has been followed, there is no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Eugene H. Polleys, Jr.,* for appellants.

*Thurbert E. Baker, Attorney General, Denney, Peace, Allison & Kirk, John W. Denney,* for appellees.